IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ANGELA YERG o/b/o/ A.Y., | ) CASE NO. 3:15 CV 499 |
| Plaintiff, | ) |
| | ) MAGISTRATE JUDGE |
| v. | ) WILLIAM H. BAUGHMAN, JR. |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) **MEMORANDUM OPINION AND** |
| | ) **ORDER** |
| Defendant. | ) |

# Introduction

**A.   Nature of the case and proceedings**

This is an action by Angela Yerg o/b./o A.Y. under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying her application for Supplemental Security Income ("SSI").[1] The parties have consented to my jurisdiction.[2] The Commissioner has answered[3] and filed the transcript of the administrative record.[4]

---

[1] ECF # 1.

[2] ECF # 13.

[3] ECF # 9.

[4] ECF # 10.

Under the requirements of my initial[5] and procedural[6] orders, the parties have briefed their positions[7] and filed supplemental charts[8] and the fact sheet.[9] After review of the briefs, the issues presented, and the record, it was determined that this case can be decided without oral argument.

**B.     Background facts and decision of the Administrative Law Judge ("ALJ")**

A.Y., who was 12 years old,[10] and in the seventh grade at the time of the administrative hearing,[11] lives with his mother, step-father, and sister.[12] He is currently on ADHD medicine[13] and works with an academic intervention teacher at school.[14]

The Administrative Law Judge ("ALJ") found that Yerg had the following severe impairments: neurocardiogenic syncope, depression, oppositional defiant disorder; and

---

[5] ECF # 6.

[6] ECF # 12.

[7] ECF # 16 (Yerg's brief), ECF # 23 (Commissioner's brief), ECF # 27 (Yerg's reply brief).

[8] ECF # 16-2 (Yerg's charts), ECF # 24 (Commissioner's charts).

[9] ECF # 16-1 (Yerg's fact sheet).

[10] *Id*.

[11] ECF # 10, Transcript of Proceedings ("Tr.") at 50.

[12] *Id.* at 48.

[13] *Id*. at 55.

[14] *Id*. at 51.

attention deficit hyperactivity disorder (20 CFR 416.924(c)).[15] The ALJ decided that the relevant impairments did not meet or equal a listing.[16]

The Appeals Council denied Yerg's request for review of the ALJ's decision.[17] With this denial, the ALJ's decision became the final decision of the Commissioner.[18]

**C.    Issues on judicial review and decision**

Yerg asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Yerg presents the following issues for judicial review:

- Whether the ALJ erred in her failure to weigh the medical opinions of record, including the opinion of the treating psychiatrist under Social Security's own rules and regulations where the rationale failed to follow the standards for evaluating controlling and deferential weight and the ALJ failed to recognize the opinion as on from an acceptable medical source.[19]

- Whether the ALJ erred in failing to assess res judicata effect of a prior judge's decision on A.Y.'s ability to attend and complete tasks.[20]

---

[15] *Id.* at 15.

[16] *Id.*

[17] *Id.* at 1.

[18] *Johnson v. Comm'r of Soc. Sec.*, 652 F.3d 646, 648 (6th Cir. 2011); 20 C.F.R. §§ 404.981 and 416.1481.

[19] ECF # 16 at 1.

[20] *Id.*

For the reasons that follow, I conclude that the ALJ's no-disability finding is not supported by substantial evidence, and the matter is remanded for further proceedings consistent with this opinion.

## Analysis

**A. Standard of review**

*1. Substantial evidence*

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[21]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the

---

[21] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

Commissioner survives "a directed verdict" and wins.[22] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[23]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

## 2. *The treating source and good reasons rule*

The regulations of the Social Security Administration require the Commissioner to give more weight to opinions of treating sources than to those of non-treating sources under appropriate circumstances.

> Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.[24]

If such opinions are "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record," then they must receive "controlling" weight.[25]

---

[22] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06CV403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[23] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

[24] 20 C.F.R. § 416.927(d)(2). The companion regulation for disability insurance benefits applications is § 404.1527(d)(2). [Plaintiff's last name only] filed only an application for supplemental security income benefits.

[25] *Id.*

The ALJ has the ultimate responsibility for determining whether a claimant is disabled.[26] Conclusory statements by the treating source that the claimant is disabled are not entitled to deference under the regulation.[27]

The regulation does cover treating source opinions as to a claimant's exertional limitations and work-related capacity in light of those limitations.[28] Although the treating source's report need not contain all the supporting evidence to warrant the assignment of controlling weight to it,[29] nevertheless, it must be "well-supported by medically acceptable clinical and laboratory diagnostic techniques" to receive such weight.[30] In deciding if such supporting evidence exists, the Court will review the administrative record as a whole and may rely on evidence not cited by the ALJ.[31]

In *Wilson v. Commissioner of Social Security*,[32] the Sixth Circuit discussed the treating source rule in the regulations with particular emphasis on the requirement that the agency "give good reasons" for not affording controlling weight to a treating physician's opinion in

---

[26] *Schuler v. Comm'r of Soc. Sec.*, 109 F. App'x 97, 101 (6th Cir. 2004).

[27] *Id.*

[28] *Swain v. Comm'r of Soc. Sec.*, 297 F. Supp. 2d 986, 991 (N.D. Ohio 2003), citing *Green-Younger v. Barnhart*, 335 F.3d 99, 106-07 (2nd Cir. 2003).

[29] *Garner v. Heckler*, 745 F.2d 383, 391 (6th Cir. 1984).

[30] *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 536 (6th Cir. 2001).

[31] *Id.* at 535.

[32] *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541 (6th Cir. 2004).

the context of a disability determination.[33] The court noted that the regulation expressly contains a "good reasons" requirement.[34] The court stated that to meet this obligation to give good reasons for discounting a treating source's opinion, the ALJ must do the following:

- State that the opinion is not supported by medically acceptable clinical and laboratory techniques or is inconsistent with other evidence in the case record.

- Identify evidence supporting such finding.

- Explain the application of the factors listed in 20 C.F.R. § 404.1527(d)(2) to determine the weight that should be given to the treating source's opinion.[35]

The court went on to hold that the failure to articulate good reasons for discounting the treating source's opinion is not harmless error.[36] It drew a distinction between a regulation that bestows procedural benefits upon a party and one promulgated for the orderly transaction of the agency's business.[37] The former confers a substantial, procedural right on the party invoking it that cannot be set aside for harmless error.[38] It concluded that the requirement in § 1527(d)(2) for articulation of good reasons for not giving controlling weight

---

[33] *Id.* at 544.

[34] *Id.*, citing and quoting 20 C.F.R. § 404.1527(d)(2).

[35] *Id.* at 546.

[36] *Id.*

[37] *Id.*

[38] *Id.*

the context of a disability determination.[33] The court noted that the regulation expressly contains a "good reasons" requirement.[34] The court stated that to meet this obligation to give good reasons for discounting a treating source's opinion, the ALJ must do the following:

- State that the opinion is not supported by medically acceptable clinical and laboratory techniques or is inconsistent with other evidence in the case record.

- Identify evidence supporting such finding.

- Explain the application of the factors listed in 20 C.F.R. § 404.1527(d)(2) to determine the weight that should be given to the treating source's opinion.[35]

The court went on to hold that the failure to articulate good reasons for discounting the treating source's opinion is not harmless error.[36] It drew a distinction between a regulation that bestows procedural benefits upon a party and one promulgated for the orderly transaction of the agency's business.[37] The former confers a substantial, procedural right on the party invoking it that cannot be set aside for harmless error.[38] It concluded that the requirement in § 1527(d)(2) for articulation of good reasons for not giving controlling weight

---

[33] *Id.* at 544.

[34] *Id.*, citing and quoting 20 C.F.R. § 404.1527(d)(2).

[35] *Id.* at 546.

[36] *Id.*

[37] *Id.*

[38] *Id.*

to a treating physician's opinion created a substantial right exempt from the harmless error rule.[39]

The Sixth Circuit in *Gayheart v. Commissioner of Social Security*[40] recently emphasized that the regulations require two distinct analyses, applying two separate standards, in assessing the opinions of treating sources.[41] This does not represent a new interpretation of the treating physician rule. Rather it reinforces and underscores what that court had previously said in cases such as *Rogers v. Commissioner of Social Security*,[42] *Blakley v. Commissioner of Social Security*,[43] and *Hensley v. Astrue*.[44]

As explained in *Gayheart*, the ALJ must first consider if the treating source's opinion should receive controlling weight.[45] The opinion must receive controlling weight if (1) well-supported by clinical and laboratory diagnostic techniques and (2) not inconsistent with other substantial evidence in the administrative record.[46] These factors are expressly set out in 20 C.F.R. § 416.927(d)(2). Only if the ALJ decides not to give the treating source's

---

[39] *Id.*

[40] *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365 (6th Cir. 2013).

[41] *Id.* at 375-76.

[42] *Rogers*, 486 F.3d at 242.

[43] *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406-07 (6th Cir. 2009).

[44] *Hensley v. Astrue*, 573 F.3d 263, 266 (6th Cir. 2009).

[45] *Gayheart*, 710 F.3d at 376.

[46] *Id.*

opinion controlling weight will the analysis proceed to what weight the opinion should receive based on the factors set forth in 20 C.F.R. §§ 416.927(d)(2)(i)-(ii), (3)-(6).[47] The treating source's non-controlling status notwithstanding, "there remains a presumption, albeit a rebuttable one, that the treating physician is entitled to great deference."[48]

The court in *Gayheart* cautioned against collapsing these two distinct analyses into one.[49] The ALJ in *Gayheart* made no finding as to controlling weight and did not apply the standards for controlling weight set out in the regulation.[50] Rather, the ALJ merely assigned the opinion of the treating physician little weight and explained that finding by the secondary criteria set out in §§ 1527(d)(i)-(ii), (3)-(6) of the regulations,[51] specifically the frequency of the psychiatrist's treatment of the claimant and internal inconsistencies between the opinions and the treatment reports.[52] The court concluded that the ALJ failed to provide "good reasons" for not giving the treating source's opinion controlling weight.[53]

> But the ALJ did not provide "good reasons" for why Dr. Onady's opinions fail to meet either prong of this test.

---

[47] *Id.*

[48] *Rogers*, 486 F.3d at 242.

[49] *Gayheart*, 710 F.3d at 376.

[50] *Id.*

[51] *Id.*

[52] *Id.*

[53] *Id.*

> To be sure, the ALJ discusses the frequency and nature of Dr. Onady's treatment relationship with Gayheart, as well as alleged internal inconsistencies between the doctor's opinions and portions of her reports. But these factors are properly applied only after the ALJ has determined that a treating-source opinion will not be given controlling weight.[54]

In a nutshell, the *Wilson/Gayheart* line of cases interpreting the Commissioner's regulations recognizes a rebuttable presumption that a treating source's opinion should receive controlling weight.[55] The ALJ must assign specific weight to the opinion of each treating source and, if the weight assigned is not controlling, then give good reasons for not giving those opinions controlling weight.[56] In articulating good reasons for assigning weight other than controlling, the ALJ must do more than state that the opinion of the treating physician disagrees with the opinion of a non-treating physician[57] or that objective medical evidence does not support that opinion.[58]

The failure of an ALJ to follow the procedural rules for assigning weight to the opinions of treating sources and the giving of good reason for the weight assigned denotes

---

[54] *Id.*

[55] *Rogers*, 486 F.3d 234 at 242.

[56] *Blakley*, 581 F.3d at 406-07.

[57] *Hensley*, 573 F.3d at 266-67.

[58] *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 551-52 (6th Cir. 2010).

a lack of substantial evidence even if the decision of the ALJ may be justified based on the record.[59] The Commissioner's *post hoc* arguments on judicial review are immaterial.[60]

Given the significant implications of a failure to properly articulate (*i.e.*, remand) mandated by the *Wilson* decision, an ALJ should structure the decision to remove any doubt as to the weight given the treating source's opinion and the reasons for assigning such weight. In a single paragraph the ALJ should state what weight he or she assigns to the treating source's opinion and then discuss the evidence of record supporting that assignment. Where the treating source's opinion does not receive controlling weight, the decision must justify the assignment given in light of the factors set out in §§ 1527(d)(1)-(6).

The Sixth Circuit has identified certain breaches of the *Wilson* rules as grounds for reversal and remand:

- the failure to mention and consider the opinion of a treating source,[61]

- the rejection or discounting of the weight of a treating source without assigning weight,[62]

- the failure to explain how the opinion of a source properly considered as a treating source is weighed (*i.e.*, treating v. examining),[63]

---

[59] *Blakley*, 581 F.3d at 407.

[60] *Wooten v. Astrue*, No. 1:09-cv-981, 2010 WL 184147, at *8 (N.D. Ohio Jan. 14, 2010).

[61] *Blakley*, 581 F.3d at 407-08.

[62] *Id.* at 408.

[63] *Id.*

-11-

- • the elevation of the opinion of a nonexamining source over that of a treating source if the nonexamining source has not reviewed the opinion of the treating source,[64]

- • the rejection of the opinion of a treating source because it conflicts with the opinion of another medical source without an explanation of the reason therefor,[65] and

- • the rejection of the opinion of a treating source for inconsistency with other evidence in the record without an explanation of why "the treating physician's conclusion gets the short end of the stick."[66]

The Sixth Circuit in *Blakley*[67] expressed skepticism as to the Commissioner's argument that the error should be viewed as harmless since substantial evidence exists to support the ultimate finding.[68] Specifically, *Blakley* concluded that "even if we were to agree that substantial evidence supports the ALJ's weighing of each of these doctors' opinions, substantial evidence alone does not excuse non-compliance with 20 C.F.R. § 404.1527(d)(2) as harmless error."[69]

In *Cole v. Astrue*,[70] the Sixth Circuit reemphasized that harmless error sufficient to excuse the breach of the treating source rule only exists if the opinion it issues is so patently

---

[64] *Id.* at 409.

[65] *Hensley*, 573 F.3d at 266-67.

[66] *Friend*, 375 F. App'x at 551-52.

[67] *Blakley*, 581 F.3d 399.

[68] *Id.* at 409-10.

[69] *Id.* at 410.

[70] *Cole v. Astrue*, 661 F.3d 931 (6th Cir. 2011).

-12-

deficient as to make it incredible, if the Commissioner implicitly adopts the source's opinion or makes findings consistent with it, or if the goal of the treating source regulation is satisfied despite non-compliance.[71]

### B. Application of standards

This case involves questions as to (1) whether the ALJ properly evaluated a functional capacity report from a therapist that was co-signed by a physician, and (2) whether the ALJ properly addressed the findings of previous decision of a different ALJ in a prior decision. As will be discussed below, I will find that there was no error in the treatment of the opinion of therapist Cynthia Kenny, but that the ALJ's failure to properly apply the teaching of *Drummond v. Commissioner of Social Security*[72] will require a remand.

<u>Opinion of Cynthia Kenny</u>

Initially, as to the matter of the functional capacity opinion of therapist Cynthia Kenny, Yerg's essential argument is that although Kenny, an "office based therapist," is not herself an acceptable medical source that may be entitled to controlling weight if also a treating source,[73] Kenny's opinion was co-signed by psychiatrist Dr. Nancy Carroll, M.D., whose opinion would be entitled to controlling weight.

The reasoning of the Sixth Circuit in *Cole* is pertinent. *Cole* emphasizes that while the opinion of a counselor such as Kenny is not that of a medically acceptable source, it is

---

[71] *Id.* at 940.

[72] 126 F.3d 837 (6th Cir. 1997).

[73] *Cole,* 661 F.3d at 939.

-13-

nonetheless an "other source" under the regulations which is entitled to "consideration" by the ALJ.[74] In that regard, an ALJ under the regulations generally should explain the weight given to the opinion of "other sources"so as to allow a subsequent reviewer to follow the ALJ's reasoning.[75] In so doing, the ALJ should discuss factors such as the length of the relationship between the source and the claimant, the consistency of the opinion with the other evidence of record and how well the source explains the opinion.[76]

To that point, a physician's signature on an opinion from an "other source" does not *per se* transfer that opinion from one of an other source to one by a medically acceptable treating source.[77] But such a signature does "bolster" the view that the opinion of the other source is well-supported by the evidence of record and so entitled to greater weight.[78]

In the end, however, despite the requirement of the regulations that an ALJ's analysis of the opinion of an other source "should generally" explain the weight given to such an opinion, that explanation is not required to meet the same heightened "good reasons" standard that applies to the opinions of acceptable medical sources.[79]

---

[74] *Id*. (citation omitted).

[75] *Brock v. Calvin*, 2013 WL 4501333, at * 6 (M.D. Tenn. Aug. 22, 2013)(citation omitted).

[76] *Id*. (citation omitted).

[77] *Id*.

[78] *Id*.

[79] *Leach v. Commissioner of Social Security,* 2015 WL 1221925, at * 3 (N.D. Ohio Mar. 17, 2015)(citation omitted).

Here, the ALJ extensively outlined and discussed the evidence as it pertains to A.Y.'s functioning but concluded that therapist Kenny's more restrictive opinion was based in part on statements from A.Y.'s mother that were not consistent within the record, and were not fully consistent with the functional opinions of his teachers who see A.Y. for longer periods than does the therapist, as well as outside the company of his mother.[80]

Accordingly, I find no error in the ALJ's decision not to treat therapist Kenny's opinion as that of a medically acceptable treating source, and no error in her presentation of reasons why she afforded the Kenny opinion some weight in the area of social functioning but little weight as to other areas.[81] Although it would have been better if ALJ had specifically cited to Dr. Carroll's signature on the Kenny opinion as one factor evidencing additional support in the record for that opinion, I find that this omission is not critical. The ALJ did carefully analyze the Kenny opinion in its entirety, distinguishing the portions of that opinion that were otherwise consistent with the record as a whole from those that were not, and then detailing the reasons why those portions of the opinion receiving little weight were assigned such weight. In so doing, the ALJ's reasoning is consonant with the applicable regulations and case authority cited above.[82]

---

[80] Tr. at 25.

[81] *Id.*

[82] Yerg's arguments as to why the ALJ's findings are not supported by other parts of the record (*see, e.g.* ECF # 16 at 10-12) do not alter the fact that sufficient evidence does support the conclusions of the Commissioner.

Effect of *res judicata*

*Drummond v. Commissioner of Social Security*[83] states that "absent evidence of an improvement in a claimant's condition, a subsequent ALJ is bound by the findings of a prior ALJ."[84] Further, Acquiescence Ruling 98-4(6) more fully provides that the subsequent ALJ is bound by the legal and factual findings of a prior ALJ "unless there is new and material evidence relating to such a finding," or there has been a change in the law, rulings, or regulations affecting the finding or in the method for arriving at the finding.[85] *Drummond* also teaches that it is the burden of the Commissioner to prove changed circumstances and so escape the principles of *res judicata*.[86]

Here, Yerg contends that the ALJ erred in not adhering in the finding of a prior ALJ that A.Y has a marked limitation in the domain of attending and completing tasks. The Commissioner concedes that the ALJ did not specifically mention *Drummond* or SSAR 98-4(6) in her analysis of the domain of attending and completing tasks, but argues that she "detailed the applicable evidence since the prior decision, and found that it did not support marked limitations in this domain."[87]

---

[83] 126 F.3d 837 (6th Cir. 1997).

[84] *Id*. at 842.

[85] SSAR 98-4(6), 63 Fed. Reg. 29771-01 (June 1, 1998).

[86] *Drummond*, 126 F.3d at 843.

[87] ECF # 23 at 11.

The reasoning of the court in *Blevins v. Astrue*[88] is persuasive here. As in this matter, *Blevins* noted at the beginning that new evidence had undoubtedly been added to the record since the prior decision.[89] And further, it was also clear that the current ALJ relied on and discussed the new evidence in reaching the decision.[90] However, *Blevin*s noted, it is not enough that the new evidence be considered, but rather *Drummond* requires that "'a comparison between the circumstances existing at the time of the prior decision and the circumstances at the time of the [new] review is necessary.'"[91] To that point, the critical principle of *Drummond* requires that the ALJ's analysis of any new evidence clearly show that it was considered in light of the prior decision and that a comparison was made between the conditions existing at those points.[92]

As noted, the record in this case is clear that the ALJ neither expressly mentioned *Drummond* and the principles of administrative *res judicata*, nor made any on the record comparison between the circumstances that existed for A.Y. at the time of the prior decision and those obtaining when his claim was considered here. With no such analysis present in the record, I cannot simply assume that the ALJ's mere evaluation of the current

---

[88] *Blevins v. Astrue*, 2012 WL 3149343 (E.D. Ky. July 31, 2012).

[89] *Id*. at * 5.

[90] *Id*.

[91] *Id*. (quoting *Kennedy v. Astrue*, 247 F. App'x 761, 768 (6th Cir. 2007)(internal citations omitted).

[92] *Id.*

circumstances and evidence actually made the required comparison and then properly applied the rule in *Drummond*.

## Conclusion

For the reasons stated, the decision of the Commissioner is hereby reversed as not supported by substantial evidence, and the matter is remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.


Dated: March 24, 2016     s/ William H. Baughman, Jr.
                          United States Magistrate Judge